**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| IN RE: | BANKRUPTCY NO. 04-36349 |
| THIRTEENTH FLOOR ENTERTAINMENT CENTER, LLC | CHAPTER 7 |
| Debtor | |
| THIRTEENTH FLOOR ENTERTAINMENT CENTER, LLC | |
| Plaintiff, | ADVERSARY CASE NO. 09-03043 |
| v. | Electronically Filed |
| LOUISVILLE GALLERIA, LLC | |
| Defendant. | |

## ANSWER AND COUNTERCLAIM BY LOUISVILLE GALLERIA, LLC

Louisville Galleria, LLC, for its answer,

1.      Admits the allegations in paragraph 1.

2.      In response to paragraph 2, refers to the public record of Premier's bankruptcy proceeding and denies any allegations inconsistent with that record.

3.      In response to paragraph 3, admits to entering into a Shopping Center Lease with Premier on or about November 24, 2003, refers to that lease for its terms, and denies any allegations inconsistent with the terms of the lease.

4.      In response to paragraph 4, including all subparts, refers to the Shopping Center Lease for its terms, denies all allegations inconsistent with those terms, and denies the remaining allegations in paragraph 4, including all subparts.

5.      Denies the allegations in paragraphs 5–7 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

6.      Premier's claims are barred, in whole or in part, by virtue of its breaching the Shopping Center Lease prior to any alleged breach by Louisville Galleria.

## SECOND AFFIRMATIVE DEFENSE

7.      Premier's claims are barred, in whole or in part, by its unclean hands and inequitable conduct.

## THIRD AFFIRMATIVE DEFENSE

8.      Premier's claims may be barred, in whole or in part, by the doctrines of waiver and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

9.      Premier's claims may be barred, in whole or in part, by the doctrine of set-off to account for sums and damages owed by Premier to Louisville Galleria.

## FIFTH AFFIRMATIVE DEFENSE

10.      Premier fails to state a claim on which punitive damages may be awarded, and any such claim is limited by the United States Constitution and Kentucky Constitution and applicable case law.

## SIXTH AFFIRMATIVE DEFENSE

11.      Premier has no right to demand a trial by jury, as the Shopping Center Lease contains a waiver of such right, and this action is an adversary proceeding in bankruptcy and is part of the claims allowance process.

## SEVENTH AFFIRMATIVE DEFENSE

12.      Premier's claims may be barred, in whole or in part, by the economic loss doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

13.     Louisville Galleria reserves the right to assert additional affirmative defenses that appear available to it as the case progresses.

## COUNTERCLAIM

Louisville Galleria, for its counterclaim,

1.      Louisville Galleria acknowledges that Premier is a debtor in Chapter 7 bankruptcy proceedings.  Proofs of claim already have been filed in the bankruptcy action regarding Premier's breaches of its obligations under the Shopping Center Lease.  To avoid any inference that Louisville Galleria would have waived its claims against Premier by not asserting them here, to ensure the exercise of any right to set-off or other reduction of any award made to Premier, and to otherwise ensure the fair and efficient resolution of all claims between Premier and Louisville Galleria pertaining to the Shopping Center Lease, Louisville Galleria states for its counterclaim:

2.      Louisville Galleria and Premier are parties to a Shopping Center Lease for certain property located at Fourth Street Live in Louisville, Kentucky.

3.      By entering into the Shopping Center Lease, Premier undertook various obligations pursuant to the terms of the Shopping Center Lease.  Premier failed to fulfill a number of those obligations.

4.      For example, Premier failed to commence business by July 29, 2004, the end of the Fixturing Period, as defined under Section 201(m) of the Shopping Center Lease.

5.      Premier failed to commence paying monthly Rent, as defined under Section 320 of the Shopping Center Lease, on July 30, 2004, the Rent Commencement Date, as defined under

Section 321 of the Shopping Center Lease, in violation of Section 7 of the Shopping Center Lease.

6.      Premier failed to continuously and uninterruptedly operate its business from July 29, 2004, the Rent Commencement Date, in violation of Sections 501 and 502 of the Shopping Center Lease.

7.      Premier failed to fulfill its obligation not to suffer, permit, or give cause for the filing of any liens against the property, in violation of Section 1403 of the Shopping Center Lease.

8.      Premier failed to fulfill its obligation to perform all construction on the premises in strict accordance with plans approved in advance in writing, in violation of Section 402 and Section 14 of the Shopping Center Lease.

9.      Premier failed to perform all construction and alterations diligently and in good faith to completion, in violation of Section 402 and Section 14 of the Shopping Center Lease.

10.     Premier's failure to fulfill these and other obligations constitutes a default under Section 26 of the Shopping Center Lease.

11.     Louisville Galleria fulfilled all terms and conditions required of it under the Shopping Center Lease.

12.     As Premier has breached the Shopping Center Lease, but for Premier's having filed for bankruptcy, Louisville Galleria would be entitled to judgment against Premier to recover damages for these breaches, and to recover its costs incurred in asserting its claims against Premier (including reasonable attorneys' fees).

13.     Proofs of claim have been filed in the bankruptcy proceeding to reflect the amount claimed by Louisville Galleria in connection with Premier's breach of its obligations under the Shopping Center Lease.

14.     Louisville Galleria is entitled to a judgment to liquidate the amount of its claims against Premier for purposes of facilitating any pro rata distribution in the bankruptcy proceeding.

15.     Additionally, Louisville Galleria is entitled to offset any judgment obtained against it by Premier in this action by the amount to which Louisville Galleria is or would be entitled based on Premier's breach of its obligations under the Shopping Center Lease.


WHEREFORE, Louisville Galleria demands:

1.     That the complaint against it be dismissed, in its entirety, with prejudice;

2.     Judgment on its counterclaim against Premier;

3.     Its costs and reasonable attorneys' fees incurred herein; and

4.     Any and all other relief to which it is entitled.


/s/ Chadwick A. McTighe
Robert W. Griffith (rwgriffith@stites.com)
Chadwick A. McTighe (cmctighe@stites.com)
STITES & HARBISON, PLLC
400 West Market Street
Suite 1800
Louisville, KY  40202-3352
Telephone: (502) 587-3400
COUNSEL FOR DEFENDANT, LOUISVILLE
GALLERIA, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was electronically filed using the ECF

System and served by United States First Class Mail, postage prepaid, on this 17th day of June,

2009, upon:

| F. Larkin Fore | Bruce D. Atherton |
| --- | --- |
| Suite 700 North | Suite 500 |
| 200 S. Fifth Street | 624 West Main Street |
| Louisville, Kentucky 40202 | Louisville, Kentucky 40202 |
| *Counsel for Debtor's Chapter 7 Trustee* | *Counsel for Debtor* |

*/s/ Chadwick A. McTighe*_____
Chadwick A. McTighe

740817:1:LOUISVILLE